**Minton Lal JOSHI, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70447.

Agency No. A78–364–900.

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2004.*

Decided April 27, 2004.

Garish Sarin, Los Angeles, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Ernesto H. Molina, Jr., Louis J. Ruffino, U.S. Department of Justice, Washington, DC, for Respondent.

Before HALL, O'SCANNLAIN, and RYMER, Circuit Judges.

MEMORANDUM**

Minton Lal Joshi, a native and citizen of India, petitions for review of the Board of Immigration Appeals' decision summarily affirming an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under Article 3 of the Convention Against Torture (the "Convention"). We have jurisdiction under 8 U.S.C. § 1252. We review adverse credibility findings for substantial evidence, *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002), and claims of due process violations de novo, *Hartooni v. INS*, 21 F.3d 336, 339 (9th Cir.1994). We deny the petition.

In finding Joshi not credible, the IJ relied on inconsistencies between Joshi's testimony and his asylum application. For example, Joshi's asylum application indicates that he was detained for two days by Indian police in September of 1995, whereas he testified at his asylum hearing that he was detained for seven days. In addition, the medical document Joshi submitted to corroborate his claim contradicts

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Joshi's testimony that he suffered a fractured right shoulder, that it was put in a cast, and that he received x-rays. Also, other documents Joshi submitted to corroborate his claim contradict his testimony that he did not support a separate state of Khalistan. Because these factual discrepancies go to the heart of Joshi's asylum claim, substantial evidence supports the IJ's adverse credibility finding. *See Chebchoub v. INS* 257 F.3d 1038, 1043 (9th Cir.2001).

It follows that Joshi did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Because Joshi failed to demonstrate that it was more likely than not that he would be tortured if he returned to India, the IJ's properly denied Joshi's claim under the Convention. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001).

To the extent Joshi contends that alleged problems in the translation violate due process, this challenge fails because Joshi did not demonstrate prejudice. *See Kotasz v. INS*, 31 F.3d 847, 850 n. 2 (9th Cir.1994) (stating that to show a due process challenge, the alien must demonstrate that "a better translation would have made a difference in the outcome of the hearing.").

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Joshi's motion for stay of removal included a timely request for a stay of voluntary departure. Because the motion for stay of removal was granted, or continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of

removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**